**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellee</i>,<br><br>v.<br><br>DONNIE LEE WALTON,<br><i>Defendant-Appellant.</i></td><td>No. 15-50358<br><br>D.C. No.<br>2:14-cr-00537-<br>SVW-1<br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 8, 2018
Pasadena, California

Filed February 1, 2018

Before: Milan D. Smith, Jr. and Michelle T. Friedland,
Circuit Judges, and Jed S. Rakoff,[*] Senior District Judge.

Opinion by Judge Rakoff

---

[*] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the district court imposed an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA), on the ground that the defendant had four prior convictions for violent felonies.

The panel held that first-degree robbery under Alabama Criminal Code § 13A-8-41 is not a violent felony under ACCA because the force required to support a conviction for third-degree robbery under Alabama law is not sufficiently violent to render that crime a violent felony under ACCA, and the Government has waived any argument that the statute is divisible.

The panel held that *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015) (holding that California robbery is not a violent felony under ACCA's force clause because it can be committed where force is only negligently used and because the statute is indivisible), is dispositive as far as defendant's conviction for second-degree robbery under Calif. Penal Code § 211 is concerned.

Because two of the defendant's four prior convictions are not violent felonies under ACCA's force clause, the panel concluded that the defendant should not have been subject to ACCA's fifteen-year mandatory minimum sentence, which

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

requires at least three previous convictions of violent felonies.

## COUNSEL

Jonathan D. Libby (argued), Deputy Federal Public Defender; Hilary L. Potashner, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

L. Ashley Aull (argued), Chief; Michael Anthony Brown, Assistant United States Attorney; Sandra R. Brown, Acting United States Attorney; Criminal Appeals Section, United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

## OPINION

RAKOFF, Senior District Judge:

Defendant-Appellant Donnie Lee Walton challenges the district court's imposition of a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). ACCA imposes a mandatory minimum sentence of fifteen years of imprisonment on a person who both violates Section 922(g) and has three previous convictions for either a "serious drug offense," or a "violent felony," or some combination of the two. *Id.*

When Walton pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), he had previously been convicted of (1) assault with a deadly weapon, in violation of California

Penal Code § 245(a)(1); (2) second-degree robbery, in violation of California Penal Code § 211; (3) first-degree robbery in violation of Alabama Criminal Code § 13A-8-41; and (4) attempted murder, in violation of Alabama Criminal Code §§ 13A-4-2 and 13A-6-2. The sentencing court found that all four of these convictions were for violent felonies under ACCA.

Walton argues on appeal that the district court erred as to each of these previous convictions. We hold that neither first-degree robbery under Alabama law nor second-degree robbery under California law is a violent felony under ACCA. Since at least two of his four prior non-drug convictions did not qualify as violent felonies, Walton should not have been subject to ACCA's mandatory sentencing provision. It is therefore unnecessary to decide whether Walton's attempted murder and assault with a deadly weapon convictions are violent felonies. We reverse and remand.

## I.

This court generally reviews *de novo* whether a state conviction qualifies under ACCA's definition of "violent felony." *United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2015). The Government nevertheless argues for plain error review because Walton failed to raise the claims advanced in his opening brief before the district court. This is incorrect. Walton argued below that he did not have the required number of violent felonies necessary for enhancement under ACCA, and while he did not make the precise arguments that he makes on this appeal, "it is claims that are deemed waived or forfeited, not arguments." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). Moreover, we are not limited to plain error review when, as here, "we are presented with a question that is

purely one of law and where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010) (quoting *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009)). The Government expressly argued in its brief before the sentencing court that Walton's prior convictions were all violent felonies under ACCA, and its arguments on this purely legal question have been squarely presented at length before this court. We therefore review *de novo* whether Walton's prior convictions qualify as violent felonies under ACCA.

## II.

ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives[;] or [(iii)] otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These three clauses are known as the "force clause," the "enumerated clause," and the "residual clause," respectively. The Government does not argue that Walton's convictions qualify under the enumerated clause, and the Supreme Court has held that the residual clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) ("*Johnson II*"). Thus only the force clause is at issue.

Counterintuitive though it may seem, to determine whether a defendant's conviction under a state criminal statute qualifies as a violent felony under the force clause, we do not look to the underlying facts of the defendant's actual conviction. *See Mathis v. United States*, 136 S. Ct.

2243, 2251 (2016). Rather, established Supreme Court precedent requires that we employ a so-called "categorical" approach, looking "only to the fact of conviction and the statutory definition of the prior offense" to determine whether the state statute under which the defendant was convicted criminalizes only conduct that is a violent felony under ACCA. *Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (en banc). Under this approach, "even the least egregious conduct the statute covers must qualify" as a violent felony for a defendant's conviction under that statute to count toward ACCA's mandatory sentence. *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006).[1] "State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because 'we must presume that the conviction rested upon nothing more than the least of the acts criminalized'" by that statute. *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017) (alterations omitted) (quoting *Moncrieffe v.*

---

[1] *Lopez-Solis* dealt with interpretation of a sentencing enhancement under § 2L1.2(b)(3)(E) of the United States Sentencing Guidelines. *Id.* at 1203. The commentary to that provision defines a "crime of violence" as any crime "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.2 (U.S. Sentencing Comm'n 2014). Similarly, both 18 U.S.C. § 16(a) and the career offender sentencing guideline, U.S.S.G. § 4B1.2(a)(1), define a "crime of violence" to include any offense that "has as an element the use, attempted use, or threatened use of physical force" against the person of another. Cases interpreting these similar provisions are relevant to interpretation of ACCA's force clause. *See United States v. Molinar*, 876 F.3d 953, 956 n.3 (9th Cir. 2017) ("[T]he force clauses in the ACCA and the Guidelines remain identical."); *see also United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) ("[B]ecause the wording of [18 U.S.C. § 924(c)(3) and 18 U.S.C. § 16] is virtually identical, we interpret their plain language in the same manner." (footnote omitted)).

*Holder*, 569 U.S. 184, 190–91 (2013)). If a state's highest court has not ruled on the level of force required to support a conviction, we are bound by reasoned intermediate court rulings. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017) (citing *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940)).

If a statute is "divisible" – that is, if it "lists alternative sets of elements, in essence several different crimes" – we apply the "modified categorical approach," under which we "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction," and then apply the categorical approach to the subdivision under which the defendant was convicted. *United States v. Werle*, 815 F.3d 614, 619 (9th Cir. 2016) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). If the government fails to produce those documents, courts determine whether the "least of [the] acts" described in the statute can serve as a predicate offense. *Johnson v. United States* ("*Johnson I*"), 559 U.S. 133, 137 (2010).

## A.

We turn first to evaluating whether Walton's conviction for first-degree robbery under Alabama law qualifies as a violent felony under ACCA. A person commits first-degree robbery in Alabama if he commits third-degree robbery and "[i]s armed with a deadly weapon or dangerous instrument" or "[c]auses serious physical injury to another." Ala. Code § 13A-8-41(a). In turn, a person commits third-degree robbery in Alabama if, "in the course of committing a theft," she either

> (1) [u]ses force against the person of the owner or any person present with intent to

> overcome his physical resistance or physical power of resistance; or (2) [t]hreatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43(a). An actual taking of property is not required. *Ex parte Verzone*, 868 So. 2d 399, 402 (Ala. 2003).

The Government does not contend that first-degree robbery's aggravating factors independently render it a violent felony under ACCA, and for good reason. Third-degree robbery becomes first-degree if the perpetrator merely "[i]s armed with a deadly weapon." Ala. Code § 13A-8-41(a). The defendant need not ever use or threaten to use that weapon. *See, e.g.*, *Saffold v. State*, 951 So. 2d 777, 778–81 (Ala. Crim. App. 2006) (affirming conviction of first-degree robbery where police discovered defendant had a gun hidden in his trench coat but it was never mentioned or seen during the robbery). Merely possessing a gun, even in the course of a robbery, does not involve the use, attempted use, or threatened use of force. *See United States v. Molinar*, 876 F.3d 953, 957 (9th Cir. 2017); *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) ("The mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way."). First-degree robbery, then, is only a violent felony under ACCA's force clause if third-degree robbery is. This question in turn depends on whether the force required for third-degree robbery under Alabama law is sufficient to qualify as a violent crime under ACCA.

In *Johnson I*, the United States Supreme Court clarified that the "physical force" required under ACCA's force

clause must be "*violent* force" or "force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. The mere potential for some trivial pain or slight injury will not suffice. Rather, "violent" force must be "substantial" and "strong." *Id.* In support of this holding, the Court in *Johnson I* favorably quoted the definition of "violent felony" from Black's Law Dictionary: "a crime characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon." *Id.* at 140–41 (alteration omitted).

Thereafter, the Supreme Court, in *United States v. Castleman*, 134 S. Ct. 1405 (2014), further explained the need for substantial force for a conviction to qualify as a violent felony under ACCA's force clause. *See id.* at 1411–12. In that case, the Court distinguished "[m]inor uses of force" that suffice for a "misdemeanor crime of domestic violence," such as squeezing an arm hard enough to leave a bruise, from the "substantial degree of force" required for violent felonies under ACCA. *Id.* As the Court noted, minor uses of force are insufficient both because they are not "violent" in the generic sense and because it would be anomalous "to apply the Armed Career Criminal Act to 'crimes which, though dangerous, are not typically committed by those whom one normally labels armed career criminals.'" *Id.* at 1412 (quoting *Begay v. United States*, 553 U.S. 137, 146 (2008), *abrogated on other grounds by Johnson II*, 135 S. Ct at 2563).

Alabama courts have affirmed robbery convictions under the "use of force prong" where the "force" used was not violent under *Johnson I*. For example, the victim in *Jackson v. State*, 969 So. 2d 930 (Ala. Crim. App. 2007) testified that "the appellant rushed toward her, tugged her purse a couple of times, yanked her purse off of her arm, and

ran away." *Id.* at 931. The Court of Criminal Appeals held this "clearly supported a conviction" of third-degree robbery. *Id.* at 933. Similarly, the Court of Criminal Appeals affirmed another conviction where the only force used was a push that the victim testified was "just enough to knock me off balance. You know, get me out of the way." *Wright v. State*, 487 So. 2d 962, 964 (Ala. Crim. App. 1985). When asked, "How far over did he knock you?" the victim replied, "Just over the counter. I caught myself on the counter." *Id.* at 965. The Alabama court held that this was sufficient evidence of force to satisfy Alabama's third-degree robbery statute. *Id.* And in another case, the Alabama Court of Criminal Appeals affirmed a conviction for second-degree robbery – which, like first-degree robbery, also requires the commission of third-degree robbery – finding in relevant part that the crime "constituted robbery in the third degree" based on the victim's testimony that "the defendant pushed or shoved him 'back into a corner' to effect an immediate escape." *Wright v. State*, 432 So. 2d 510, 512 (Ala. Crim. App. 1983).

We have previously held that several other crimes are not violent felonies under the force clauses of ACCA and the Sentencing Guidelines because they can be committed by using minimal levels of force. For example, in *Molinar*, we held that Arizona armed robbery was not a crime of violence under the force clause of the Sentencing Guidelines in light of an Arizona Supreme Court case holding that, although snatching an article from a person's hand is insufficient, "'if the article is so attached to the person or clothes as to create resistance however slight,' the offense becomes robbery." *Molinar*, 876 F.3d at 957 (quoting *Lear v. State*, 6 P.2d 426, 427 (1931)); *see also United States v. Jones*, 877 F.3d 884, 887–88 (9th Cir. 2017) (applying *Molinar* to Arizona armed robbery under ACCA).

Several other circuits have also held that robbery statutes that can be violated by such minor uses of force are not violent under ACCA or similar statutes. *See, e.g.*, *United States v. Bell*, 840 F.3d 963, 966 (8th Cir. 2016) (Missouri robbery not a violent crime because it had been committed by a defendant who "bumped" the victim's shoulder and "yanked" her purse away); *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017) (Virginia robbery not a violent felony because a conviction was affirmed when "the victim was carrying her purse tucked under her arm when the defendant approached the victim from behind, tapped her on the shoulder, and jerked her around by pulling her shoulder, took her purse, and ran" (quoting *Jones v. Commonwealth*, 496 S.E.2d 668, 669 (Va. Ct. App. 1998))). This is plainly analogous to the minor force found sufficient under the Alabama robbery statute in the *Jackson* case.

We have also held that resisting arrest under Arizona law is not a crime of violence under the Sentencing Guidelines because the Arizona Court of Appeals has affirmed the conviction of a defendant who, while trying to keep from being handcuffed, "kicked the officers trying to control her," causing a "minor scuffle." *United States v. Flores-Cordero*, 723 F.3d 1085, 1087–88 (9th Cir. 2013) (quoting *State v. Lee*, 176 P.3d 712, 713 (Ariz. Ct. App. 2008)), *as amended* (Oct. 3, 2013); *see also United States v. Lee*, 701 F. App'x 697, 701 (10th Cir. 2017) (Florida resisting arrest offense not a violent felony where it had been violated by "wiggling and struggling" and "scuffling" (quoting *State v. Green*, 400 So.2d 1322, 1323–24 (Fla. Dist. Ct. App. 1981)). Shoves that merely cause others to briefly lose their balance or step backward, as in the two *Wright* cases from Alabama cited above, are no more violent than these minor scuffles. The force required to support a conviction for third-degree robbery in Alabama is therefore not sufficiently violent to

render that crime a violent felony under ACCA.[2] Because the Government has not argued that the statute is divisible, any such argument is waived. *See Parnell*, 818 F.3d at 981 (declining to conduct a modified categorical analysis because "the government [did] not argue [that the defendant's] conviction [fell] under § 924(e)(2)(B)(ii) or that the modified categorical approach applie[d]"). Accordingly, we conclude that Walton's conviction for Alabama armed robbery cannot support an enhancement under ACCA.

## B.

Turning to Walton's conviction for second-degree robbery under California law, California's robbery statute prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of

---

[2] Although several district courts in the Eleventh Circuit have held that Alabama robbery is a crime of violence under ACCA or similar statutes, none of these opinions actually engaged in the analysis required under *Johnson I*. *See United States v. Freeman*, No. 11-0303-WS, 2016 WL 4394172, at *2 (S.D. Ala. Aug. 15, 2016) (summarily holding that second-degree robbery "qualifies as a violent felony under the ACCA's elements clause because it has as an element the use, attempted use, or threatened use of physical force against the person of another" and citing pre-*Johnson I* precedent); *United States v. Dees*, No. 05-0225-WS-B, 2014 WL 2885481, *2 (S.D. Ala. June 25, 2014) (same); *Levert v. United States*, No. 2:13-CR-119-VEH, 2016 WL 4070147, at *4 (N.D. Ala. July 29, 2016) (addressing only the argument that the residual clause in the Sentencing Guidelines is not void for vagueness). In one case, the court even looked to the specific facts of the underlying conviction rather than employing the required categorical approach. *United States v. Giles*, No. 3:06CR442/LAC/EMT, 2016 WL 4392843, at *2 (N.D. Fla. July 29, 2016), *report and recommendation adopted*, No. 3:06CR442/LAC/EMT, 2016 WL 4385852 (N.D. Fla. Aug. 11, 2016) ("The PSR reflects that the robberies took place with a handgun and a pistol." (citations omitted)). These cases are therefore not persuasive.

force or fear." Cal. Penal Code § 211. At the time of Walton's sentencing, we had held that California robbery was a violent felony under ACCA's residual clause. *See United States v. Prince*, 772 F.3d 1173, 1176–77 (9th Cir. 2014). However, after the Supreme Court struck down the residual clause in *Johnson II*, we revisited that decision and held that California robbery is not a violent felony under ACCA's force clause because it can be committed where force is only negligently used and because the statute is indivisible. *See Dixon*, 805 F.3d at 1197–98. The *Dixon* court relied on *People v. Anderson*, in which the California Supreme Court affirmed the conviction of a man who, while stealing a car, accidentally ran over its owner as he sped away. 252 P.3d 968, 972 (Cal. 2011) ("It was robbery even if, as he claims, he did not intend to strike [the owner], but did so accidentally.").

*Dixon* is dispositive as far as Walton's conviction for second-degree robbery under California law is concerned. Indeed, the Government offers no counter-argument to *Dixon*'s application here beyond simply citing to two cases that predate *Johnson I* and so applied the incorrect analysis and that, moreover, involved different statutes. *See Nieves-Medrano v. Holder*, 590 F.3d 1057 (9th Cir. 2010); *United States v. David H.*, 29 F.3d 489 (9th Cir. 1994). We therefore hold that Walton's conviction for second-degree robbery under California law, like his conviction for first-degree robbery under Alabama law, does not qualify as a "violent felony" under ACCA's force clause.

## III.

Because two of Walton's four prior convictions are not violent felonies under ACCA's force clause, Walton should not have been subject to ACCA's fifteen-year mandatory minimum sentence, which requires at least three previous

convictions of violent felonies. 18 U.S.C. § 924(e)(1). Accordingly, Walton's sentence must be vacated, and we need not reach his arguments regarding his convictions for attempted murder and assault with a deadly weapon.

The sentence is hereby **VACATED** and the case is remanded to the district court for resentencing.