FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANTONIO GARCIA-LOPEZ,
*Defendant-Appellant.*

No. 15-50366

D.C. No.
2:14-cr-00286-BRO-1

OPINION

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted September 7, 2018*
Pasadena, California

Filed September 7, 2018

Before: Dorothy W. Nelson, Richard C. Tallman,
and N. Randy Smith, Circuit Judges.

Opinion by Judge D.W. Nelson;
Concurrence by Judge Tallman

---

* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel vacated the district court's order denying the defendant's motion to withdraw his guilty plea to a violation of 8 U.S.C. § 1326(a), (b)(2) for illegally reentering the United States after having been deported and after having been convicted of an "aggravated felony."

The defendant contended that the indictment is fundamentally flawed because the prior conviction on which his removal depended – robbery under California Penal Code § 211 – is no longer a "crime of violence" under 18 U.S.C. § 16.

Reviewing de novo, the panel held that:

(1) in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and recent case law from this Circuit, California robbery is no longer a "crime of violence" under § 16(a) or § 16(b); and

(2) in light of this marked shift in the law governing crime-of-violence analysis, the defendant has a plausible ground for dismissal of the indictment and hence has demonstrated a "fair and just reason" for withdrawing his guilty plea.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel wrote that to the extent plain error review applies to whether the defendant has established a "fair and just reason" for withdrawal, he has met that burden.

The panel rejected the government's arguments concerning the defendant's motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d). The panel explained that even assuming the defendant waived his right to dismiss the indictment by not moving to do so until after he pled guilty, he has shown good cause for failing to raise the argument earlier. Remanding with instructions to permit the defendant to withdraw his guilty plea, the panel left to the district court to consider in the first instance the defendant's motion to dismiss.

Concurring, Judge Tallman wrote separately to call attention to the continuing frustrations caused by the inconsistent and arbitrary treatment of "crime[s] of violence." He wrote that it is time that Congress steps in to create a more reasonable, consistent, and functional standard for removing violent criminals from our country.

---

**COUNSEL**

David Menninger, Research and Writing Attorney; Hilary Potashner, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

Eddie A. Jauregui, Assistant United States Attorney; Lawrence S. Middleton, Chief, Criminal Division; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

---

## OPINION

D.W. NELSON, Circuit Judge:

Antonio Garcia-Lopez ("Garcia-Lopez") appeals the district court's denial of his Motion to Withdraw his Guilty Plea ("Motion to Withdraw"). He contends we should reverse because (1) he did not have an interpreter in his native tongue, Zapotecan, at his plea hearing and did not fully understand the proceedings, and (2) the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and recent case law from this Circuit undermine the basis for his indictment. His second argument provides a plausible ground for dismissal of the indictment and serves as a "fair and just reason" for permitting withdrawal of the plea here. We therefore decline to address his first argument. We vacate the district court's order and remand with instructions to permit Garcia-Lopez to withdraw his guilty plea.

## *FACTUAL BACKGROUND & PROCEDURAL HISTORY*

Garcia-Lopez is a native of Oaxaca, Mexico, and is a member of an indigenous minority group from that area known as the Zapotecs. He grew up speaking Zapotecan at home but learned Spanish for a few years in elementary school. Garcia-Lopez claims that he has "a very limited understanding of Spanish" and that he does "not speak enough . . . to be an advocate for [himself]."

## I.  Conduct Underlying the Federal Indictment

Garcia-Lopez entered the United States at San Ysidro, California, in June 2001. He worked for many years in the United States until he was arrested in 2010 for robbery

pursuant to California Penal Code § 211 ("California robbery") and battery pursuant to California Penal Code § 242. The battery charge was dismissed due to plea negotiations and Garcia-Lopez pled guilty to the robbery charge with the help of a Spanish interpreter. Garcia-Lopez received 36 months of formal probation and served a year in jail.

The U.S. Immigration and Customs Enforcement ("ICE") then placed him in expedited removal proceedings based on his conviction for an "aggravated felony" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as further defined in 8 U.S.C § 1101(a)(43)(F) and 18 U.S.C. § 16. It essentially determined that California robbery constituted a "crime of violence" pursuant to § 16, and because Garcia-Lopez served at least a year in jail for the offense, it also constituted an "aggravated felony" under § 1101, rendering him deportable under § 1227. He was deported on April 15, 2011. Garcia-Lopez returned to the United States shortly thereafter and was removed again on April 28, 2011, pursuant to the April 15 order.

## II. The Federal Indictment and Related Proceedings

Garcia-Lopez entered the United States a third time, and federal authorities found him in Los Angeles County on February 14, 2014. On May 16, 2014, Garcia-Lopez was charged with violating 8 U.S.C. § 1326(a), (b)(2) for allegedly returning to the United States after having been deported in April 2011 and after having been convicted of an "aggravated felony." Garcia-Lopez pled guilty to the single-count indictment, but later sought to withdraw his plea on grounds that he did not have a Zapotecan interpreter at his plea hearing and that his due process rights were violated

pursuant to our then-recent decision in *United States v. Raya-Vaca*, 771 F.3d 1195 (9th Cir. 2014). He also sought to dismiss the indictment based on *Raya-Vaca* and filed a motion pursuant to § 1326(d).[1]

After a lengthy hearing, the district court denied Garcia-Lopez's Motion to Withdraw his Guilty Plea and therefore declined to consider his Motion to Dismiss the Indictment ("Motion to Dismiss"). Based on its review of the record, the district court found *Raya-Vaca* inapplicable and further found Garcia-Lopez spoke Spanish well enough to understand his plea proceedings.

On August 4, 2015, Garcia-Lopez was sentenced to 30 months of imprisonment and three years of supervised release. Garcia-Lopez is currently on supervised released.

This appeal followed.

## *STANDARD OF REVIEW*

"[W]e review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015) (citation omitted). "A court abuses its discretion when it rests its decision on an inaccurate view of the law . . . or on a clearly erroneous finding of fact." *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (citations and internal quotation marks omitted).

---

[1] Garcia-Lopez does not raise the *Raya-Vaca* issue on appeal and instead focuses his efforts on *Dimaya*.

## *DISCUSSION*

A defendant may withdraw his guilty plea before sentencing if he can show a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The fair and just standard "is generous and must be applied liberally," but a defendant may not withdraw his plea "simply on a lark." *Ensminger*, 567 F.3d at 590 (citations and internal quotation marks omitted). "Fair and just reasons for withdrawal include 'inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.'" *Yamashiro*, 788 F.3d at 1237 (citation omitted). "A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea." *Ensminger*, 567 F.3d at 592. In such cases, a defendant "need not show that his [new arguments] will be successful on [their] merits." *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008). "His burden is [only] to show that proper advice could have at least plausibly motivated a reasonable person in [his] position not to have pled guilty had he known about [the new case law] prior to pleading." *Id.* (citation and internal quotation marks omitted); *see also Ensminger*, 567 F.3d at 591–92 (relevant inquiry is whether "marked shift in governing law" provides a "plausible ground for dismissal of [the] indictment" (citation and internal quotation marks omitted)); *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir. 2004) (same).

Here, Garcia-Lopez claims two alternative grounds for withdrawing his guilty plea: (1) that he did not have a Zapotecan translator at his plea hearing and did not fully

understand the proceedings; and (2) California robbery is no longer a "crime of violence" under § 16 pursuant to *Dimaya* and related Ninth Circuit precedent. Because we find Garcia-Lopez is entitled to withdraw his plea on the second ground, we need not and do not consider his alternative argument that the alleged language barrier is also a "fair and just reason" for permitting withdrawal of the plea. *United States v. Garcia*, 401 F.3d 1008, 1012 n.3 (9th Cir. 2005).

## I. *Dimaya*, Related Ninth Circuit Case Law, and the Motion to Withdraw

Garcia-Lopez contends the federal indictment filed against him alleging illegal reentry is fundamentally flawed because the removal order on which it was based is invalid. According to the removal order, Garcia-Lopez's conviction for California robbery was a "crime of violence" pursuant to 18 U.S.C. § 16, and because Garcia-Lopez served at least a year in jail for the offense, it also constituted an "aggravated felony" under 8 U.S.C. § 1101, rendering him deportable under 8 U.S.C. § 1227. Garcia-Lopez claims for the first time on appeal that California robbery is no longer a "crime of violence" under *Dimaya* and related Ninth Circuit case law, and that these cases provide a "fair and just reason" to allow him to withdraw his guilty plea.

Before turning to the merits of Garcia-Lopez's argument, we first address the proper standard of review. Garcia-Lopez did not raise in the court below the argument that California robbery does not constitute a "crime of violence" under § 16. He raised the issue for the first time on appeal and premised his argument on *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), which we decided while his appeal was pending. The Supreme Court affirmed the Ninth Circuit's decision in

*Lynch*, *Dimaya*, 138 S. Ct. at 1223, and we subsequently received supplemental briefing on *Dimaya*, as well as related case law from this Circuit.

"We generally review arguments not raised before the district court for plain error." *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009). "However, we are not limited to this standard of review when we are presented with [1] a question that is purely one of law and [2] where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *Id.* (citation and internal question marks omitted); *see also United States v. Walton*, 881 F.3d 768, 771 (9th Cir. 2018) (citation omitted). Here, the Government has "presented at length before this court" its positions on the two "purely legal question[s]" at issue: whether California robbery constitutes a "crime of violence" under § 16 pursuant to *Dimaya*, and whether *Dimaya*, along with other recent case law from this Circuit, provides a "fair and just reason" for withdrawal of the guilty plea. *See id.*; *see also United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010). Accordingly, we review these interrelated legal questions de novo. *See id.*[2]

## A.

Section 16 defines "crime of violence" as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by

---

[2] The Government agrees the first question is reviewed de novo, but suggests we should review the second for plain error. Because Garcia-Lopez has met his burden even under a plain error analysis, he may withdraw his guilty plea here.

its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The Supreme Court in *Dimaya* recently held § 16(b) unconstitutional under the Due Process Clause, 138 S. Ct. at 1212, 1216, effectively overruling our prior contradictory precedent in *United States v. McDougherty*, 920 F.2d 569 (9th Cir. 1990).  *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (finding three-judge panel has authority to overrule "prior circuit authority" when it is "clearly irreconcilable with . . . intervening higher authority").

Without § 16(b), the Government's indictment and the April 15 removal order can only stand if California robbery constituted a "crime of violence" pursuant to § 16(a).  Our case law establishes it is not.

In *United States v. Dixon*, we considered whether California robbery was a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA").  805 F.3d 1193, 1194 (9th Cir. 2015).  A "violent felony" under the ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, . . . extortion, [or] involves use of explosives."    18 U.S.C. § 924(e)(2)(B).    Finding that California robbery was not a categorical match to any of the offenses enumerated in § 924(e)(2)(B)(ii), we proceeded to analyze whether it involved "physical force" pursuant to § 924(e)(2)(B)(i).  *Dixon*, 805 F.3d at 1196–97.  Under that prong, the "physical force" used must be "violent force," or "force capable of causing physical pain or injury to another." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853–54 (9th Cir. 2013) (quoting *Johnson v. United States*, 559 U.S. 133,

140 (2010)) (applying *Johnson* to § 16(a)). Furthermore, the force used must be intentional, not just reckless or negligent. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (interpreting § 16(a)). Because a person could commit California robbery "by *accidentally* using force," we held that crime was not a categorical match to § 924(e)(2)(B)(i). *Dixon*, 805 F.3d at 1197 (citing *People v. Anderson*, 252 P.3d 968 (Cal. 2011)). We further held California robbery was "not divisible" and vacated the defendant's sentence. *Id.* at 1198–99.

*Dixon* controls this case. "[B]ecause the wording of [§ 924(e)(2)(B)(i) and § 16(a) are] virtually identical, we interpret their plain language in the same manner." *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (citation omitted); *see also Walton*, 881 F.3d at 771 n.1. Accordingly, we hold that California robbery does not constitute a "crime of violence" pursuant to § 16(a).

The Government's cases to the contrary are unpersuasive. In *Nieves-Medrano v. Holder*, for example, we held pre-*Johnson* that carjacking under California law constituted a "crime of violence" under § 16(a). 590 F.3d 1057, 1058 (9th Cir. 2010), *abrogated by Solorio-Ruiz v. Sessions*, 881 F.3d 733, 736 (9th Cir. 2018). Because California robbery was a "crime of violence" under the Sentencing Guidelines, and "[t]he same elements that ma[d]e [robbery] a crime of violence [were] also required [for carjacking]," the latter was also a categorical match to the crimes defined in § 16(a). *Id.* (citing *United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008)).

But we recognized in *Solorio-Ruiz* that "neither *Nieves-Medrano* nor [*Becerril-Lopez*] . . . demonstrate[d] that [the

Court had] considered, at all, whether [California carjacking and robbery] require[d] the use of *violent* force" required by *Johnson*. 881 F.3d at 736. By "changing the crime-of-violence analysis," *Johnson* had "effectively overruled" these decisions. *Id.* (citation omitted).

For the same reasons, the Government's reliance on *United States v. David H.* is mistaken. There, we concluded that California robbery "included the element of 'threatened use of physical force against the person of another'" under the mandatory transfer provision of the Juvenile Delinquency Act. *David H.*, 29 F.3d 489, 494 (9th Cir. 1994) (citing 18 U.S.C. § 5032). The Government contends that because § 5032 and § 16(a) are identically worded, California robbery must also be a "crime of violence" under § 16(a). Not so. We previously rejected this very argument in a case interpreting the ACCA, finding that *David H.* "predate[d] *Johnson* and so applied the incorrect analysis." *Walton*, 881 F.3d at 775. Accordingly, *David H.*'s holding that California robbery involved the "threatened use of physical force" under § 5032 has likely been overruled by *Johnson*, *see Gammie*, 335 F.3d at 893, or, at the very least, is inapplicable here in light of the correct analyses of *Walton*, *Dixon*, and *Solorio-Ruiz*.

Therefore, our recent decisions and the Supreme Court's decision in *Dimaya* firmly establish that California robbery is not a "crime of violence" under § 16(a) or § 16(b).[3]

---

[3] In our recent decision *United States v. Bankston*, No. 16-10124, 2018 WL 4016853 (9th Cir. Aug. 23, 2018), we considered whether California robbery is a crime of violence under the Sentencing Guidelines. Unlike the Guidelines—which contain an enumeration clause and, prior to August 1, 2016, a residual clause, *see* U.S.S.G. § 4B1.2(a)(2)

**B.**

These cases also provide a "fair and just reason" for Garcia-Lopez to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). *Dimaya*, *Walton*, *Dixon*, and *Solorio-Ruiz* represent a "marked shift" in the law governing crime-of-violence analyses that gave "traction to a previously foreclosed or unavailable argument"—that California robbery is not a "crime of violence" pursuant to § 16. *Ensminger*, 567 F.3d at 592. Based on these cases, Garcia-Lopez has more than met his burden of showing that he has "a plausible ground for dismissal of his indictment," and hence, has demonstrated a "fair and just reason" for withdrawing his guilty plea. *Ortega-Ascanio*, 376 F.3d at 887.

Furthermore, to the extent plain error review applies to whether Garcia-Lopez has established a "fair and just reason" for withdrawal, he has met his burden here. "The plain-error standard of review dictates that [relief] is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404

(2015)—§ 16 does not enumerate any offenses, nor does it contain a residual clause after *Dimaya*. Section 16(a), however, is identical to U.S.S.G. § 4B1.2(a)(1), commonly known as the "force" clause. We analyzed in *Bankston* whether California robbery is a categorical match to the generic definitions of robbery and extortion under the enumeration and residual clauses in § 4B1.2(a)(2). In accord with our decision today, *Bankston* did not disturb the district court's finding there that California robbery cannot be a categorical match to the separate force clause within the Guidelines. *See Bankston*, 2018 WL 4016853, at *6 (9th Cir. Aug. 23, 2018) (citing *Dixon*, 805 F.3d at 1197–98).

(9th Cir. 2011) (citing *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)).

As demonstrated above, that current case law establishes California robbery is not a "crime of violence" pursuant to § 16 is "clear" and "obvious" such that the first two prongs of the test are met. *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The error also affected Garcia-Lopez's substantial rights—the district court here only accepted Garcia-Lopez's guilty plea after he acknowledged (1) the Government was required to prove that California robbery is a "crime of violence," and (2) that he had been deported after having been convicted of a "crime of violence" and having served a year in jail. In this way, the error was "prejudicial" to him and certainly "affected the outcome of the [trial] court proceedings." *Pelisamen*, 641 F.3d at 405 (quoting *Olano*, 507 U.S. at 734). Finally, the error would seriously undermine the fairness of the judicial proceedings. California robbery was the only "crime of violence" on which the Government based its indictment and on which his removal depended. If both are allowed to stand, the result would be that Garcia-Lopez is pleading guilty to and being removed for something that is not a crime under the statutes cited. *See United States v. Folkes*, 622 F.3d 152, 158 (2d Cir. 2010) (finding unfairness in sentencing due to erroneous "crime of violence" determination). Accordingly, Garcia-Lopez has met his burden even under plain error review.

The Government nonetheless argues there are certain procedural defects with the Motion to Dismiss Garcia-Lopez ultimately seeks to pursue, and because he cannot obtain relief under that Motion, prohibiting withdrawal here is not unfair or unjust. As will be explained below, that Motion is

not before us on appeal, and we decline to address its merits here.

## II.  The Government's Arguments Concerning the Motion to Dismiss

The Government contends the Motion to Dismiss is meritless.  It claims (1) that Garcia-Lopez waived his right to bring a Motion to Dismiss by failing to do so before trial as required by Federal Rule of Criminal Procedure 12(b)(3); and (2) that the procedural defects plaguing his Motion to Dismiss render it an exercise in futility.[4]

### A.

Even assuming Garcia-Lopez waived his right to dismiss the indictment by moving after he pled guilty, we have repeatedly held that "issues . . . deemed waived [in the district court] under Rule 12 may be addressed by *this* court and relief may be granted where good cause is shown for the party's failure to raise the argument earlier." *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014) (citations and internal quotation marks omitted); *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006).  Like the defendant in *Aguilera-Rios*, Garcia-Lopez "would have had no reason to challenge" whether California robbery

---

[4] Even though Garcia-Lopez's removal may have been valid based on the law at the time, that fact does not change the analysis of whether Garcia-Lopez has established a "fair and just reason" to withdraw his plea. To the contrary, we have held that, when a prior removal order is premised on a crime that is in fact not a removable offence, the alien "has established both that his due process rights were violated and that he suffered prejudice as a result."  *See United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015).

constituted a "crime of violence" pursuant to § 16 until the Supreme Court's decision in *Dimaya*.   769 F.3d at 630. "[T]his Court's case law prior to [*Dimaya*] foreclosed the argument he now makes." *Id.* at 631.   Furthermore, Garcia-Lopez "demonstrated diligence . . . in this Court" by premising his argument on *Dimaya* in his opening brief and then supplementing his briefing once the Supreme Court affirmed in *Dimaya*.  The Government, for its part, has had "a full opportunity to respond in written briefing" to Garcia-Lopez's arguments.   Accordingly, Garcia-Lopez "has . . . shown 'good cause' to excuse his failure to raise this argument in the district court," and we "decline to find it waived." *Id.*

The Government, however, claims that the defendant in *Aguilera-Rios* filed his motion to dismiss before trial and was merely adding a new argument based on new case law when he appealed.  Thus, it contends, because Garcia-Lopez filed his Motion to Dismiss after he pled guilty his new argument has always been untimely, and he has therefore waived his ability to bring his Motion.  Our cases hold otherwise.  In *Anderson*, we granted relief to a defendant who had failed entirely to bring a "motion to dismiss . . . prior to trial" because he had shown "good cause to [set aside] the waiver of his affirmative defenses."   472 F.3d at 668–70.   The Government's claim also runs contrary to *Aguilera-Rios* and related cases which hold that even where there is waiver, we may grant relief for good cause.   769 F.3d at 631. Accordingly, we reject the Government's contention.

## B.

The Government next proceeds to attack the merits of Garcia-Lopez's Motion to Dismiss and argues we should

review it for plain error.  That Motion, of course, has never been ruled on by the district court, has not been appealed here, and therefore, has not been fully briefed.  Garcia-Lopez has not had any opportunity to address the Government's arguments concerning his § 1326(d) Motion.  Because this Motion is not at issue here, we "leave the determination of the motion to dismiss the indictment to the district court" to consider in the first instance.  *Ortega-Ascanio*, 376 F.3d at 887 (declining to reach merits of § 1326 motion to dismiss after permitting defendant to withdraw his guilty plea); *see also United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011) ("Before the district court could grant Mendez-Santana's motion to dismiss and terminate the prosecution, it would first need to grant his motion to withdraw his guilty plea.").

## *CONCLUSION*

*Dimaya* and related Ninth Circuit cases establish that California robbery—the sole charge underlying Garcia-Lopez's illegal reentry indictment and his removal order—is not a "crime of violence" pursuant to § 16.  This fundamental change in the law operates as a "fair and just reason" to allow Garcia-Lopez to withdraw his guilty plea.  With respect to Garcia-Lopez's Motion to Dismiss, we leave that to the district court to consider in the first instance.

**VACATED and REMANDED.**

TALLMAN, Circuit Judge, concurring:

Although I join the majority opinion because it correctly analyzes the current state of the law, I write separately to call attention yet again to the continuing frustrations caused by the inconsistent and arbitrary treatment of "crime[s] of violence." 18 U.S.C. § 16. Caused by vagaries in state law and the Supreme Court's ever-evolving jurisprudence on the topic, "[t]he bedeviling 'modified categorical approach' . . . continue[s] to spit out intra- and inter-circuit splits and confusion." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 483 (9th Cir. 2016) (en banc) (Owens, J., concurring). It is time that Congress steps in to create a more reasonable, consistent, and functional standard for removing violent criminals from our country. *See Descamps v. United States*, 570 U.S. 254, 279 (2013) ("If Congress wishes to pursue its policy in a proper and efficient way without mandating uniformity among the States with respect to their criminal statutes for scores of serious offenses, and without requiring the amendment of any number of federal criminal statutes as well, Congress should act at once.") (Kennedy, J., concurring).