**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16448 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-00905-LJO |
| v. | 1:00-cr-05339-LJO-1 |
| ROY ALLEN GREEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 11, 2019**

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Roy Allen Green appeals from the district court's order denying his 28

U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. § 2253. We review

de novo the district court's denial of a section 2255 motion, *see United States v.*

*Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Green, who was sentenced under the mandatory Sentencing Guidelines, challenges his career offender designation. This court issued a certificate of appealability ("COA") regarding the applicability of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to the mandatory Guidelines, and whether *Johnson* presents a newly recognized right for purposes of 28 U.S.C. § 2255(f)(3). We decline to consider these issues because Green is a career offender regardless of *Johnson*'s impact on the mandatory Guidelines or the timeliness of his section 2255 motion. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) (this court can affirm on any ground supported by the record even if the issue is not included in the COA). Green's offense of conviction is a controlled substance offense and does not implicate the Guideline's residual clause. *See* U.S.S.G. § 4B1.2(b) (1998). His two prior qualifying convictions, moreover, remain crimes of violence under U.S.S.G. § 4B1.2(a) (1998) without regard to that section's residual clause. *See United States v. Bankston*, 901 F.3d 1100, 1104-05 (9th Cir. 2018) (violation of California Penal Code § 211 is categorically a crime of violence under the pre-2016 Guidelines); *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018) (violation of California Penal Code § 245(a)(1) is categorically a crime of violence under 18 U.S.C. § 16(a)); *see also United States v. Garcia-Lopez*, 903 F.3d 887, 893 n.3 (9th Cir. 2018) (section 16(a) and U.S.S.G. § 4B1.2(a)(1) are identical). Accordingly, Green is not entitled to section 2255 relief.

17-16448

Counsel's motion to withdraw is granted. Counsel's motion for appointment of substitute counsel is denied.

**AFFIRMED.**