NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50254 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04951-BEN-1 |
| v. | |
| ERIK SANTIAGO LEON DEL ANGEL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 8, 2020**
Pasadena, California

Before: KELLY,*** GOULD, and R. NELSON, Circuit Judges.

Erik Santiago Leon Del Angel appeals after a guilty plea and sentence for

attempted misdemeanor illegal entry, in violation of 8 U.S.C. § 1325, and a felony

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm for the reasons that follow.

1. Del Angel argues that the district court erred in denying his request for a third post-plea, pre-sentencing continuance. We review the denial of a motion for a continuance for abuse of discretion. *United States v. Walter-Eze*, 869 F.3d 891, 907–08 (9th Cir. 2017). We assume, without deciding, the four factors laid out in *United States v. Flynt* apply to post-conviction, pre-sentencing requests for continuances. 756 F.2d 1352, 1358–59 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985). We affirm because Del Angel fails to "show at a minimum that he has suffered prejudice as a result of the denial of his request." *Id.* at 1359.

Del Angel requested a third continuance believing our decision in *C.J.L.G. v. Barr,* 923 F.3d 622 (9th Cir. 2019) (en banc), allowed him to vacate his prior removal orders. But *C.J.L.G.* does not "provide . . . a previously unavailable ground sufficient to provide some material relief," *United States v. Ensminger*, 567 F.3d 587, 594 (9th Cir. 2009) (citation omitted). Attaining Special Immigrant Juvenile ("SIJ") status and becoming a legal permanent resident ("LPR") would not retroactively affect the elements of the criminal charge under 8 U.S.C. § 1326 to which he pleaded guilty.[1] *See United States v. Gracidas-Ulibarry*, 231 F.3d

---

[1] Del Angel did not argue below that attaining SIJ status would affect his guilty plea under 8 U.S.C. § 1325, and appears to base his appeal only on his guilty plea

2

1188, 1196 (9th Cir. 2000) (en banc).

Attaining SIJ status would create a specialized parole legal fiction dating back to either the time of Del Angel's most recent entry in October 2018, or his filing for SIJ status, but would not transform his most recent unlawful entry into a lawful admission under § 1101(a)(13)(A). *Garcia v. Holder*, 659 F.3d 1261, 1263–64, 1267 (9th Cir. 2011); *see also Alanniz v. Barr*, 924 F.3d 1061, 1067 (9th Cir. 2019). And Del Angel would only become an LPR at the date any adjustment of status application might be approved. 7 USCIS Policy Manual, pt. F, ch. 7(E)(4). Thus, attaining SIJ or LPR status would not make his most recent unlawful entry in 2018 lawful.

Attaining SIJ or LPR status would not automatically vacate Del Angel's prior removals, either. Rather, Del Angel would have to file a motion to reopen or motion to reconsider an earlier removal order to vacate it. *See Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 745–46 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc). Del Angel might not even be able to move to reopen or reconsider an expedited removal order at all. *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1966 (2020) (citing 8 U.S.C. § 1252(e)(2)). Even if he could, any motion to reopen or

---

under 8 U.S.C. § 1326, waiving any other arguments. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

reconsider his two expedited removals from December 2017 would be untimely and he could not show "the delay was reasonable and was beyond [his] control." 8 C.F.R. § 103.5.[2]

Because attaining SIJ and LPR status would not impact his conviction, Del Angel suffers little prejudice from denial of a continuance to seek these statuses. *C.J.L.G.*'s holding—allowing an immigrant before an Immigration Judge to seek a continuance and pursue SIJ status—has no direct bearing for a defendant in the post-conviction, pre-sentence phase of a criminal case. The district court did not abuse its discretion.

2.      Del Angel argues that the district court erred in denying his motion to withdraw his guilty plea. "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Garcia-Lopez*, 903 F.3d 887, 890 (9th Cir. 2018) (cleaned up). Del Angel must "show a fair and just reason" to withdraw his guilty plea.[3] *United States v. Shehadeh*, 962 F.3d

---

[2] Because Del Angel had not "exhausted any administrative remedies that may have been available to seek relief against the order," he would not be able to collaterally attack the validity of the predicate deportation order. *See* 8 U.S.C. § 1326(d)(1). Exhaustion is excused where an "IJ has failed to provide information about apparent eligibility for relief" in violation of a statutory duty, *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013), but no such duty exists in expedited removal proceedings, *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013).

[3] We assume, without deciding, that Del Angel's motion was timely filed before imposition of his sentence.

1096, 1100 (9th Cir. 2020) (quoting Fed. R. Crim. P. 11(d)(2)(B)).  As explained above, the district court did not abuse its discretion by concluding that *C.J.L.G.* did not apply in this case and there was no fair and just reason for withdrawal.  *See Ensminger*, 567 F.3d at 595.

3.  Del Angel raises an ineffective assistance of counsel claim based on his previous counsel's alleged failure to raise Del Angel's potential SIJ status.  "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal."  *United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013) (citations omitted).  Neither exception to this general rule applies here.  *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).  "The record here is not sufficiently developed to permit review and determination of the issue."  *Shehadeh*, 962 F.3d at 1102 (internal quotation marks and citations omitted).  In particular, it is unclear "what, if any, prejudice resulted."  *Benford*, 574 F.3d at 1231.  And the legal representation was not so inadequate that it obviously denied Del Angel his Sixth Amendment right to counsel.  *Id.*  His ineffective assistance of counsel claim "must be filed through a habeas petition."  *Shehadeh*, 962 F.3d at 1102.

**AFFIRMED.**

5