NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHRISTIAN MICHAEL RINER,<br><br>Defendant-Appellant. | No. 24-6395<br><br>D.C. No. 8:21-cr-00062-PA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 12, 2026
Pasadena, California

Before:  TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[**]

Police officers in Brea, California, discovered two firearms and over 450

rounds of ammunition during an inventory search of Defendant-Appellant

Christian Riner's vehicle, which they impounded from a public parking garage

after arresting him on a misdemeanor warrant.  Riner was indicted for and

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David F. Hamilton, United States Circuit Judge for the
U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

ultimately entered a conditional guilty plea to one count of possessing ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1) & (g)(9). On appeal, he challenges the constitutionality of the charges under the Second Amendment and the denial of his motion to suppress the evidence from the inventory search under the Fourth Amendment. We affirm.

1.      Riner preserved his Second Amendment challenges to § 922(g)(1) and (g)(9) through his plea deal, so the standard of review is de novo. The Government's argument on appeal that Riner forfeited these issues by never formally filing his motion to dismiss is puzzling. At a status conference, the same attorney who briefed and argued this appeal affirmatively represented that the plea deal would "preserve" the Second Amendment issues after the court called the Government's position "silly." In any case, we construe against the Government as the drafting party any ambiguity in the plea agreement. *United States v. Petrushkin*, 142 F.4th 1241, 1245 (9th Cir. 2025). Nor would the Government suffer prejudice under these circumstances. See *United States v. Walton*, 881 F.3d 768, 771 (9th Cir. 2018).[1]

2.      Regardless of the standard of review, both the Second Amendment challenges fail under controlling circuit precedent. See *United States v. Duarte*,

---

[1] The Government's requests to strike the motion to dismiss from the record and to strike related passages from Riner's brief are denied, and Riner's request to supplement the record is denied as moot.

137 F.4th 743, 761 (9th Cir. 2025) (en banc) (upholding § 922(g)(1) as applied to non-violent felons), *cert. denied*, ___ S. Ct. ___, 2026 WL 135692 (Jan. 20, 2026); *United States v. Martinez*, ___ F.4th ___, 2026 WL 760056, at *1 (9th Cir. Mar. 18, 2026) (upholding § 922(g)(9)).[2]

3.      On the Fourth Amendment issue, the district court did not err by denying Riner's motion to suppress the evidence from the inventory search. After hearing testimony from one of the arresting officers, the court found that "there was a significant threat that Defendant's vehicle would be a target for vandalism or theft" and, as to the officers' states of mind, that the inventory search was not "a 'ruse' for an unconstitutional investigation." The court's finding that the officers did not act pretextually distinguishes this case from *United States v. Anderson*, where the district court did not make any findings on the officers' subjective motivations. 101 F.4th 586, 590 (9th Cir. 2024) (en banc). "We review a district court's denial of a motion to suppress de novo and its related factual findings for clear error." *Id.* Where testimony is taken, "'we give special deference to the district court's credibility determinations,' and generally 'cannot substitute [our] own judgment of the credibility of a witness for that of the fact-finder.'" *United States v. Bontemps*, 977 F.3d 909, 917 (9th Cir. 2020) (citations omitted).

---

[2] As both parties acknowledged at argument, Riner's conviction stands if either § 922(g)(1) or (g)(9) is constitutional.

Nothing in the record persuades us to disturb the district court's findings. First, the court did not clearly err by crediting the officer's testimony to conclude that "a vehicle left unattended with numerous personal possessions in plain view in a public area is commonly burglarized," particularly where over 100 vehicle thefts and burglaries had been reported within a mile of the parking structure in the five months preceding Riner's arrest. This case is not one where the vehicle was parked in a residential area and the risk was "no greater" than if the officers had done nothing. *United States v. Caseres*, 533 F.3d 1064, 1075 (9th Cir. 2008); see also *Miranda v. City of Cornelius*, 429 F.3d 858, 864–66 (9th Cir. 2005).

Second, Riner points out that the officer admitted he had an investigatory purpose for requesting Riner's consent to search the vehicle earlier in the encounter. The court, however, credited the officer's testimony that he decided to impound the car only after confirming with his sergeant that the outstanding warrant required Riner's arrest. Moreover, "a dual motive—one valid, and one impermissible"—does not make a search pretextual. *United States v. Orozco*, 858 F.3d 1204, 1213 (9th Cir. 2017).

Third, the absence of some items found in the vehicle from the inventory form completed by the officers is a far cry from the wholly deficient inventory in *Anderson*, which recorded *only* incriminating property. 101 F.4th at 596–97. Omission of a few items is not enough by itself to require us to hold the inventory

4                                                        24-6395

search invalid. See *United States v. Garay*, 938 F.3d 1108, 1112 (9th Cir. 2019) (collecting cases).

Finally, no record evidence supports Riner's late and unsworn assertion that the officers denied permission for his nearby wife to take control of the vehicle as an alternative to impoundment. Refusal of such a request, if it had been made, might undermine the officer's testimony that he towed the car because he believed the department policy required him to "tow the vehicle per the community care doctrine if the defendant can't find a person to take care of the car …."

The district court's local rule provides: "A motion to suppress shall be supported by a declaration on behalf of the defendant, setting forth all facts then known upon which it is contended the motion should be granted." C.D. Cal. Crim. R. 12-1.1. Riner was represented by counsel when he filed his original motion to suppress. The key factual assertion is conspicuously absent from both his affidavit and his motion. Even if the unsworn assertion were before us, the audio recording shows Riner claimed to be single, not married, and he was unable to provide a name or address for anyone to list as an emergency contact, further undermining his late assertion that he made that request.

**AFFIRMED**.