**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bertha Ann SELLERS,
Defendant-Appellant.**

**No. 81–1401.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1982.

Decided March 2, 1982.

Sandra Gillies, Sacramento, Cal., argued, for defendant-appellant; E. Richard Walker, Sacramento, Cal., on brief.

Tommy Hawk, Sacramento, Cal., for plaintiff-appellee.

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.

PER CURIAM:

Sellers appeals her conviction for bank larceny, 18 U.S.C. § 2113(b), arguing the evidence was insufficient to prove the bank possessed the check she allegedly stole.

Sellers entered the Placer Savings and Loan Association, placed a check on the counter, endorsed it, and told the teller she wanted to cash it. The teller picked up the check, turned it over, and placed it on the counter to record information from the face of the check on a deposit slip. The teller entered the transaction in the bank's computer and handed $2,000 cash to Sellers. Sellers picked up her passbook and other papers and left. The next day Sellers deposited the same check in another bank.

■ Section 2113(b) defines the common law offense of larceny, to the exclusion of the crime of taking by false pretenses. *Bennett v. United States*, 399 F.2d 740, 742–43 (9th Cir. 1968); *LeMasters v. United States*, 378 F.2d 262, 266–67 (9th Cir. 1967). Common law larceny requires a taking of property from the possession of another without his consent and with the intent permanently to deprive him of possession. *Bennett*, 399 F.2d at 743; *People v. Earle*, 222 Cal.App.2d 476, 478, 35 Cal.Rptr. 265 (1963). *See* W. LaFave & A. Scott, Criminal Law 618, 622 (1972); R. Perkins, Perkins on Criminal Law 238–39 (2d ed. 1969).

■ Sellers argues the evidence was insufficient to prove the bank had either actual or constructive possession of the check when Sellers took it. Under the common law, the person last in actual possession of property retains constructive possession until he abandons it, gives it to another person, or until another person otherwise acquires actual possession. 3 Wharton's Criminal Law, Larceny § 369 (1980); 50 Am.Jur.2d, Larceny § 22 (1970); 52A C.J.S. Larceny § 17 (1968).

■ Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that the bank had either actual or constructive possession of the check when Sellers took it. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The jury could have concluded Sellers picked up the endorsed check with her passbook, cash, and other papers at the conclusion of the transaction. By picking up the endorsed check, turning it over, and placing it back on the counter to record information from it, the teller exercised direct physical control over the check. A rational juror could conclude beyond a reasonable doubt that the teller did not intend to abandon the check for which she had just given Sellers $2,000 in cash, or to transfer it to Sellers. At the least, the check was in the constructive possession of the teller, and hence of the bank, when Sellers took it from the counter.

AFFIRMED.