**Fermin NIEVES–MEDRANO, aka Fermin Nedrano Nieves, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 09–71949.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2009.

Filed Jan. 7, 2010.

Fermin Nieves–Medrano, Pro se, petitioner.

Michelle Y.F. Sarko, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before STEPHEN S. TROTT, WILLIAM A. FLETCHER and JOHNNIE B. RAWLINSON, Circuit Judges.

## ORDER

Petitioner was convicted of carjacking in violation of California Penal Code § 215 and sentenced to three years of imprisonment. The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's finding that petitioner was removable for an aggravated felony "crime of violence." Petitioner seeks review of the BIA's decision. We have jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Lisbey v. Gonzales,* 420 F.3d 930, 932 (9th Cir.2005) (concluding court has jurisdiction to determine whether conviction constitutes "crime of violence").

This court has held that a conviction for robbery in violation of California Penal Code § 211 is a categorical "crime of violence" under the Sentencing Guidelines. *See United States v. Becerril–Lopez,* 541

**1058**

F.3d 881, 893 (9th Cir.2008) ("[W]e hold that a conviction under Cal.Penal Code § 211 could only result from conduct that constitutes a 'crime of violence' for purposes of U.S.S.G. § 2L1.2."). Although the definition in U.S.S.G. § 2L1.2 differs slightly from that used for immigration cases, 8 U.S.C. §§ 1101(a)(43)(F) ("crime of violence" defined by 18 U.S.C. § 16), there is no meaningful distinction for purposes of this petition. *Compare* U.S.S.G. § 2L1.2, cmt. n. 1 (2008) (defining "crime of violence" as certain listed offenses or as "any other offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* 18 U.S.C. § 16(a) (defining "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another") (emphasis added).

The same elements that make § 211 a crime of violence are also required in § 215. They include the felonious taking of property in the presence of another "by means of force or fear." *Compare* Cal.Penal Code § 211 *with* Cal.Penal Code § 215. We conclude that a conviction for carjacking under California Penal Code § 215 is categorically a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F). *See Becerril-Lopez,* 541 F.3d at 893. Accordingly, petitioner is removable pursuant to 8 U.S.C. § 1227(A)(2)(a)(iii).

Petitioner's contention that the BIA's decision was boilerplate is without merit. The BIA analyzed the aggravated felony issue in detail. Petitioner's due process and equal protection arguments are similarly unavailing.

All pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**