**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50066 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00275-JVS-1 |
| v. | |
| FERNANDO ALBERTO VELASQUEZ-BOSQUE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued March 2, 2010
Submitted April 8, 2010
Pasadena, California

Before: CANBY, GOULD and IKUTA, Circuit Judges.

*Nieves-Medrano v. Holder*, 590 F.3d 1057 (9th Cir. 2010) (order), held that

carjacking under California Penal Code section 215 is a categorical crime of

violence under 18 U.S.C. § 16. *Id.* at 1058. Nothing in *Johnson v. United States*,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

130 S. Ct. 1265 (2010), is irreconcilable with *Nieves-Medrano*, and therefore this court has no authority to disregard *Nieves-Medrano*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Velasquez-Bosque's challenge to his conviction under 8 U.S.C. § 1326(b)(2) fails.

As the government concedes, the district court erred in admitting the Wilson Declaration at trial, because such admission was in violation of the Confrontation Clause. *See Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 (2009). However, because the declaration was cumulative of Agent Johnston's testimony, that testimony was tested through extensive cross-examination, and there was no evidence to contradict the element for which the declaration was offered, we hold that the error was harmless beyond a reasonable doubt. *See United States v. Larson*, 495 F.3d 1094, 1107–1108 (9th Cir. 2007) (en banc). Even though Agent Johnston's testimony did not precisely track the language of 8 U.S.C. § 1326, it was sufficient to constitute evidence of the Attorney General's lack of consent to the "alien's reapplying for admission." *See United States v. Cervantes-Flores*, 421 F.3d 825, 834 (9th Cir. 2005) (per curiam).

Last, *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998), forecloses Velasquez-Bosque's challenge to the constitutionality of § 1326(b), including the claim that *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), "softened" *Almendarez-Torres*'s holding. *Almendarez-Torres* has never been expressly

overruled and continues to constitute binding precedent. *See, e.g.*, *United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir. 2009) (per curiam); *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1093 (9th Cir. 2007).[1]

**AFFIRMED.**

---

[1] We address the government's cross-appeal in a separate opinion filed concurrently with this memorandum disposition.