FILED

NOT FOR PUBLICATION

JUL 13 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINJIU SITO, | No. 05-74913 |
| Petitioner, | Agency No. A071-781-639 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2010[**]
San Francisco, California

Before: RYMER, RAWLINSON and CALLAHAN, Circuit Judges.

Minjiu Sito brings this petition for review of the Board of Immigration

Appeals's ("BIA") decision affirming the immigration judge's ("IJ")

determinations that he is removable based on his aggravated felony convictions

and ineligible for relief from removal. We have jurisdiction pursuant to 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1252. We review the BIA's legal holdings de novo. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.[1]

1. The BIA did not err in finding Sito removable as an aggravated felon because his robbery convictions under California Penal Code § 212.5(b) are categorical crimes of violence under 8 U.S.C. § 1101(a)(43)(F), and Sito was sentenced to a term of imprisonment of at least one year for his crimes. *See U.S. v. McDougherty*, 920 F.2d 569, 573 (9th Cir. 1990) ("[R]obbery under California law is [] by definition a crime of violence."); *see also Nieves-Medrano v. Holder*, 590 F.3d 1057, 1057-58 (9th Cir. 2010). To the extent that Sito argues against retroactive application to his crimes of the definition of "aggravated felony" contained in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, his challenge is foreclosed by our precedent. *See Aragon-Ayon v. INS*, 206 F.3d 847, 852-53 (9th Cir. 2000).

2. Sito is statutorily ineligible for relief under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), because he was placed in removal proceedings rather than exclusion proceedings. *Abebe v. Holder*, 554 F.3d 1203, 1205 (9th Cir. 2009) (en banc) (per curiam). Further,

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

aliens in removal proceedings are not denied equal protection of the law because Congress chose to make avenues of relief available in exclusion proceedings that it did not make available to aliens in removal proceedings. *Id*. at 1206-07. *Abebe* thus forecloses each of Sito's challenges to the BIA's refusal to pass on the IJ's discretionary denial of § 212(c) relief. *Cf. Simeonov*, 371 F.3d at 538.

3.      We have jurisdiction to consider Sito's claim for deferral of removal under the Convention Against Torture ("CAT"). *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008).

4.      We review for substantial evidence the IJ's determination, adopted by the BIA, that Sito failed to show that he would more likely than not be tortured if removed to China. *Muradin v. Gonzales*, 494 F.3d 1208, 1210 (9th Cir. 2007); *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). That is, record evidence must compel reversal. *Muradin*, 494 F.3d at 1210.

5.      Sito testified that he feared persecution in China based on his United States criminal record. He also feared that the Chinese government persecutes students without identity documents, which he testified that he did not know how to obtain. The BIA's determination that the Chinese authorities do not have interest in crimes committed, prosecuted, and punished beyond their territorial jurisdiction is supported by substantial evidence. The government has stipulated

-3-

that it will obtain the appropriate travel documents from Chinese authorities before Sito is deported to China, and Sito has not met his burden to show that he is unable to get necessary identity documents on his return to China. Thus, the BIA's determination that Sito has not met his burden to show that he will more likely than not be tortured because of inadequate documentation is supported by substantial evidence.

Accordingly, Sito's petition for review is **DENIED**.

***Sito v. Holder*, Case No. 05-74913**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.