**NOT FOR PUBLICATION**

JUN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMADOR CARRILLO SERRANO, a.k.a Amador Serrano, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72169 <br><br> Agency No. A028-942-573 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Amador Carrillo Serrano, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo constitutional claims and questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

The agency correctly determined that Serrano's conviction for second degree robbery in violation of California Penal Code § 211 is an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F), where he was sentenced to a term of imprisonment of three years. *See Nieves-Medrano v. Holder*, 590 F.3d 1057, 1058 (9th Cir. 2010) (a conviction under Cal. Penal Code § 211 is categorically a crime of violence under 18 U.S.C. § 16(a)); *see also Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1083 (9th Cir. 2008) ("[W]e do not use the categorical and modified categorical approach to determine whether a petitioner has met any sentencing requirement specified in § 1101(a)(43)."); *United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir. 2001) ("The fact that this term of imprisonment was not imposed until after he violated his probation is not legally significant.").

Serrano's due process claim is also unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**