**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| DIEGO SANCHEZ LUCAS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71068<br><br>Agency No. A072-543-100<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2014[**]
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.[***]

Diego Sanchez Lucas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") affirmance of his removability under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

U.S.C. § 1227(a)(2)(A)(iii).  Sanchez had previously been convicted of carjacking in California.  The sole question on appeal is whether the BIA erred in determining that Sanchez had committed an aggravated felony.

Sanchez argues that carjacking, as defined by California Penal Code § 215(a), is broader than the generic definition of a theft offense because one can be convicted of carjacking a person who was merely in possession of the car, whereas generic theft requires the taking be committed against the owner.  He cites no authority recognizing a meaningful distinction for this purpose.  This court has used "ownership" and "possession" interchangeably when defining theft offenses. *See, e.g.*, *United States v. Sellers*, 670 F.2d 853, 854 (9th Cir. 1982) (defining common law larceny as "a taking of property from the *possession* of another without his consent . . ." (emphasis added)).  Even assuming Sanchez were correct that record ownership is required for qualification as a theft offense, it is well settled that California Penal Code § 215(a) is categorically a "crime of violence" and therefore qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *Nieves-Medrano v. Holder*, 590 F.3d 1057, 1058 (9th Cir. 2010).

Sanchez also argues he was not given a sentence of at least one year as required by 8 U.S.C. § 1101(a)(43)(F) and (G).  Sanchez was sentenced to a term

of 365 days, but he disputes that he was sentenced for the necessary one-year term because his time to serve was reduced by 58 days for good behavior.

The court has repeatedly stated, however, that the relevant duration is "the actual sentence imposed by the judge." *United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir. 2001) (quoting *Alberto-Gonzalez v. INS*, 215 F.3d 906, 909 (9th Cir. 2000)).  We have made it clear that "the actual sentence imposed by the judge . . . excludes good-time credits and similar nonjudicial (and thus difficult-to-ascertain) sentence adjustments." *United States v. Moreno-Cisneros*, 319 F.3d 456, 459 n.1 (9th Cir. 2003) (internal quotation marks omitted).  This is consistent with 8 U.S.C. § 1101(a)(48)(B), defining "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."

The petition is **DENIED**.