**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

MELCHOR OROZCO-OROZCO,

*Defendant-Appellant*.

No. 22-50146

D.C. No.
3:21-cr-02349-
TWR-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted August 15, 2023
Pasadena, California

Filed March 12, 2024

Before: Kim McLane Wardlaw, Morgan Christen, and
Jennifer Sung, Circuit Judges.

Opinion by Judge Christen

# SUMMARY[*]

## Criminal Law

In a case in which Melchor Orozco-Orozco was convicted of being a previously removed alien found in the United States in violation of 8 U.S.C. § 1326, the panel affirmed the district court's order denying Orozco's motion to dismiss his indictment on equal protection grounds, reversed the district court's order denying Orozco's motion to dismiss under 8 U.S.C. § 1326(d), and remanded for further proceedings.

Orozco conceded that his equal protection argument is foreclosed by *United States v. Carillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023).

Orozco was originally removed from the United States in 2013 through an expedited process after an immigration officer determined that his 2005 conviction for carjacking in violation of California Penal Code § 215 was an aggravated felony under the Immigration and Nationality Act (INA) because it qualifies as a "crime of violence." Orozco argued that his carjacking conviction does not qualify as an aggravated felony under the INA because § 215 is not a categorical match for a "theft offense."

The California Supreme Court has held that a person can commit § 215 carjacking without the intent to steal required by a generic theft offense, *see People v. Montoya*, 94 P.3d 1098, 1100 (Cal. 2004), and this court is bound by the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

California Supreme Court's statement of the elements of § 215, *see Johnson v. United States*, 559 U.S. 133, 138 (2010). The panel therefore concluded that Orozco's 2005 carjacking conviction is not a categorical match for a generic theft offense and thus is not an aggravated felony under the INA.

The panel remanded for the district court to consider in the first instance whether Orozco has satisfied all three prongs of § 1326(d)(1)-(3).

## COUNSEL

Jami S. Johnson (argued) and Kara Hartzler, Federal Defenders of San Diego Inc., San Diego, California, for Defendant-Appellant.

Mark R. Rehe (argued), Assistant United States Attorney; Daniel E. Zipp, Assistant United States Attorney, Appellate Section Chief, Criminal Division; Randy S. Grossman, United States Attorney; Office of the United States Attorney, United States Department of Justice, San Diego, California; for Plaintiff-Appellee.

## OPINION

CHRISTEN, Circuit Judge:

Melchor Orozco-Orozco appeals his conviction for being a previously removed alien found in the United States in violation of 8 U.S.C. § 1326. Orozco[1] was originally removed from the United States in 2013 through an expedited process after an immigration officer determined that his 2005 conviction for carjacking in violation of California Penal Code § 215 was an aggravated felony under the Immigration and Nationality Act (INA) because it qualifies as a "crime of violence." In this proceeding, Orozco filed a motion to dismiss the § 1326 charge, claiming that the prior removal order was invalid because § 215 carjacking is not an aggravated felony. The Government conceded in the district court that § 215 carjacking is not a crime of violence, but argued that Orozco was still removable in 2013 because his carjacking conviction qualified as a "theft offense," and thus as an aggravated felony, under the INA. The district court agreed with the Government and denied Orozco's motion to dismiss the § 1326 charge. On appeal, Orozco argues that his carjacking conviction does not qualify as an aggravated felony under the INA because § 215 carjacking is not a categorical match for a theft offense.

The California Supreme Court has held that a person can commit § 215 carjacking without the intent to steal required by a generic theft offense, *see People v. Montoya*, 94 P.3d

---

[1] The defendant's name appears in the record as both "Orozco-Orozco" and "Orozco." We use Orozco in this opinion because that is the name the defendant uses in his briefing.

1098, 1100 (Cal. 2004), and we are bound by the California Supreme Court's statement of the elements of § 215, *see Johnson v. United States*, 559 U.S. 133, 138 (2010). We therefore conclude that Orozco's 2005 carjacking conviction is not a categorical match for a generic theft offense and thus is not an aggravated felony under the INA. We reverse the district court's denial of Orozco's motion to dismiss his § 1326 indictment, but remand so the district court may consider in the first instance whether Orozco has satisfied all three prongs of § 1326(d)(1)–(3).

## I.

Orozco, a native and citizen of Mexico, entered the United States without legal status when he was ten years old. In 2005, at age 20, he was convicted of felony carjacking under California Penal Code § 215. Although he initially received a probationary sentence, Orozco's probation was eventually revoked and he received a sentence of three years in California state prison.

In 2013, Immigration and Customs Enforcement (ICE) identified Orozco while he was serving his state prison sentence. ICE concluded that Orozco was eligible for expedited removal under 8 U.S.C. § 1228(b) and served him with a Notice of Intent to Issue a Final Administrative Removal Order (Notice of Intent). Section 1228(b) permits the Attorney General to commence expedited administrative removal proceedings against nonresident aliens who have been convicted of aggravated felonies as defined in 8 U.S.C. § 1101(a)(43). *See United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000). An ICE agent served Orozco with the Notice of Intent, and Orozco signed the Notice. By filling in the boxes on the form, Orozco indicated that he did not wish to contest his removal, admitted he was deportable,

acknowledged that he was not eligible for any form of relief from removal, and waived the opportunity to apply for judicial review of the Notice of Intent.[2]  Contemporaneous with the Notice of Intent, an immigration officer issued a Final Administrative Removal Order concluding that Orozco was immediately removable because his carjacking conviction was a "crime of violence" under § 1101(a)(43)(F) and thus an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).  The Government deported Orozco in 2013.

Orozco made two attempts to reenter the United States and he was convicted of illegal reentry and deported each time.  In 2021, he made a third reentry attempt.  He was arrested and charged with felony illegal entry in violation of 8 U.S.C. § 1325(a)(1) and also charged with being a previously removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b).

Orozco moved to dismiss the § 1326 charge on the ground that his 2005 carjacking conviction could not serve as a predicate offense for the 2013 final administrative removal order because, he argued, § 215 is not a "crime of violence" under § 1101(a)(43)(F).[3]  The Government

---

[2] Orozco has subsequently attested that he could not read the paperwork he signed because he could not read English; that the ICE agent did not read the paperwork to Orozco or have it translated for him; that the agent instructed Orozco to sign the paperwork; and that Orozco believed he had no choice but to sign the paperwork.

[3] Orozco also moved to dismiss the indictment on the ground that § 1326 violates the Equal Protection Clause of the Fifth Amendment of the United States Constitution.  The district court denied the motion.  In his reply brief, Orozco concedes that our decision in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), forecloses his Fifth Amendment argument.  We agree, and we therefore affirm the district

conceded in the district court that § 215 carjacking is not a crime of violence.[4]   Instead, the Government argued in the district court that the 2013 final administrative removal order was supported by a qualifying predicate aggravated felony because § 215 carjacking is a categorical match for a generic theft offense under § 1101(a)(43)(G).[5]   The district court accepted this argument and denied Orozco's motion to dismiss.  The Government filed a superseding information charging Orozco under § 1326(a) and (b), and he entered a conditional guilty plea to the superseding information, retaining his right to file this appeal.  The district court

---

court's dismissal of Orozco's Fifth Amendment claim.  *See id.* at 1154 ("We conclude that Carrillo-Lopez did not meet his burden to prove that Congress enacted § 1326 because of discriminatory animus against Mexicans or other Central and South Americans.").

[4] The Government renewed that concession on appeal.  The Government has therefore waived—for purposes of this appeal—any argument that § 215 carjacking qualifies as an aggravated felony because it is a crime of violence.  *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 n.7 (9th Cir. 2007).  The Government subsequently submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j) seeking to withdraw its concession because the Attorney General has taken the contrary position in another case pending before our court, *Gutierrez v. Garland*, Nos. 21-130 & 22-554.   The Government's letter acknowledges that, regardless of its concession, the sole issue it raised in response to Orozco's motion to dismiss was that carjacking is an aggravated felony because it qualifies as a generic theft offense.  We express no view on whether carjacking is a crime of violence or the extent to which the Government's concession in this case affects its position in any other pending case.

[5] Section 1101(a)(43)(G) defines the term "aggravated felony" to include, in relevant part, "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G).

sentenced Orozco to 24 months custody in the Bureau of Prisons followed by two years of supervised release.

## II.

We have jurisdiction to consider Orozco's appeal pursuant to 28 U.S.C. § 1291. We review de novo the district court's denial of Orozco's motion to dismiss the § 1326 indictment on the ground that his 2005 carjacking conviction does not qualify as an aggravated felony. *See United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014).

## III.

A noncitizen charged with being a previously removed alien found in the United States under § 1326 has a Fifth Amendment right to collaterally attack the underlying removal order. *Id.* Orozco challenges the 2013 final administrative order of removal that serves as the predicate for his § 1326 conviction. To succeed, Orozco must show that he exhausted his administrative remedies, that the deportation proceedings improperly deprived him of an opportunity for judicial review, and that the entry of the 2013 final removal order was "fundamentally unfair." 8 U.S.C. § 1326(d)(1)–(3). The district court denied the motion to dismiss because it concluded that Orozco could not show that the 2013 final removal order was fundamentally unfair, as required by § 1326(d)(3).

Under our caselaw, the order was fundamentally unfair if Orozco's "due process rights were violated by defects in his underlying deportation proceeding" and "he suffered prejudice as a result of the defects." *Alvarado-Pineda*, 774 F.3d at 1201. The 2013 final administrative removal order was defective if the crime of conviction it relied on to find

Orozco removable, § 215 carjacking, does not qualify as an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). *See United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). We have not addressed in a published opinion whether § 215 carjacking qualifies as a theft offense.[6]

We apply the categorical approach to determine whether § 215 is a theft offense and thus an aggravated felony. *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1205 (9th Cir. 2019). Under *Taylor v. United States*, 495 U.S. 575 (1990), we compare the elements of a state conviction with the elements of the generic offense, without regard to the actual conduct that led to the underlying conviction. *Mendoza-Garcia v. Garland*, 36 F.4th 989, 994 (9th Cir. 2022). As applied here, Orozco argues that if § 215 carjacking punishes more conduct than a generic theft offense, § 215 is overbroad and his conviction does not qualify as an aggravated felony for immigration purposes. *See Alfred v. Garland*, 64 F.4th 1025, 1031 (9th Cir. 2023) (en banc).

We begin by identifying the elements of a generic theft offense. We then compare the elements of a generic theft offense with the elements of § 215 carjacking to determine whether § 215 corresponds with, or is broader or narrower than, a generic theft offense.

---

[6] We did suggest in an unpublished memorandum disposition that § 215 carjacking may qualify as a generic theft offense. *See Lucas v. Holder*, 555 F. App'x 715, 715 (9th Cir. 2014). We concluded, however, that the resolution of that question was immaterial because, at that time, § 215 qualified as a crime of violence under our caselaw. *Id.* at 715–16 (citing *Nieves-Medrano v. Holder*, 590 F.3d 1057, 1058 (9th Cir. 2010), *abrogated by Solorio-Ruiz v. Sessions*, 881 F.3d 733 (9th Cir. 2018)).

## A.

The definition of a generic theft offense is well-settled. A generic theft offense is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1039 (9th Cir. 2011) (quoting *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1026 (9th Cir. 2005)). In formulating this definition, we accounted for the fact that Congress's use of "theft offense" in § 1101(a)(43)(G), rather than just "theft," indicates that "theft offense" encompasses "different but closely related" crimes beyond theft itself. *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc), *superseded by statute on other grounds as explained in United States v. Gomez-Mendez*, 486 F.3d 599, 604–05 (9th Cir. 2007). The Supreme Court has also embraced this definition. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007).

Because "'theft' stems from the common law crime of larceny," we have looked to the common law to determine the elements of a generic theft offense. *Corona-Sanchez*, 291 F.3d at 1204. Common-law larceny is "the felonious taking and carrying away of the personal goods of another." *United States v. Turley*, 352 U.S. 407, 412 (1957) (quoting 4 William Blackstone, Commentaries *229). "Felonious" is a common-law term of art meaning "intent to steal." *Carter v. United States*, 530 U.S. 255, 270 (2000). Felonious intent (or intent to steal) requires that the defendant intend to deprive the victim of possession of property without a superior possessory interest to that of the victim. *See United States v. Howey*, 427 F.2d 1017, 1018 (9th Cir. 1970) ("It was not an essential part of the common law larceny-type

offense that the thief knew who owned the property he took; it was enough that he knew it did not belong to him."); 52B C.J.S. *Larceny* § 43 (2023) ("A larceny victim's *actual* ownership of the stolen property need not be proven but only that the victim has a right to possession superior to that of the defendant." (emphasis added)); 50 Am. Jur. 2d *Larceny* § 31 (2023) ("The intent to steal or *animus furandi*, as an element of theft by larceny, is the intent, without a good faith claim of right, to permanently deprive the owner of possession of personal property.").

Consistent with larceny's felonious intent requirement, we have said that a generic theft offense is a specific-intent crime that requires the government to show that the defendant had the intent to deprive the owner of the rights and benefits of ownership. *See Alvarado-Pineda*, 774 F.3d at 1202–03. Orozco argues that § 215 carjacking lacks this element because, as explained below, the California Supreme Court has held that carjacking is a crime against possession, not ownership. But the Government responds, and we agree, that a generic theft offense does not require that the defendant intend to deprive *the titleholder* of his or her property. Instead, the government need only show that the defendant intended to take property from a person with a superior possessory interest in the property. *Cf. United States v. Sellers*, 670 F.2d 853, 854 (9th Cir. 1982) ("Common law larceny requires a taking of property from the possession of another without his consent and with the intent permanently to deprive him of possession."); *Chiaramonte v. INS*, 626 F.2d 1093, 1099 (2d Cir. 1980) ("Proof of the identity of the owner of purloined property is not a requisite element of the crime of larceny as it is defined in most American jurisdictions."). "Considered as an element of larceny, 'ownership' and 'possession' may be

regarded as synonymous terms, for one who has a right to the possession of goods *as against the thief,* as far as he or she is concerned, is the owner of them." 52B C.J.S. *Larceny* § 43 (emphasis added).

A generic theft offense therefore requires that the defendant have the intent to deprive one with a superior possessory interest of the rights and benefits of ownership. Rather than focus on ownership versus possession as Orozco suggests, we must instead consider whether the crime of conviction requires the same specific intent to steal as a generic theft offense. With this definition of a generic theft offense in mind, we turn to the elements of Orozco's carjacking conviction.

## B.

California Penal Code § 215 provides:

> "Carjacking" is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

Cal. Penal Code § 215(a).

In *People v. Montoya*, the California Supreme Court addressed the elements necessary for a conviction under § 215. 94 P.3d 1098. Montoya was convicted of § 215 carjacking and of the unlawful taking of a vehicle under

California Vehicle Code § 10851. *Id.* at 1099. Both convictions arose from the same incident in which Montoya feigned interest in a car that was for sale. *Id.* Rather than test driving it, Montoya drove off with the car. *Id.* Montoya argued on appeal that the unlawful taking of a vehicle is a lesser included offense of § 215 carjacking, and because California law prohibits multiple convictions based on necessarily included offenses, he argued he could not be convicted of both charges. *Id.* at 1099–1100. To decide whether one offense is "necessarily included" in another, California courts apply an elements test and ask whether all the elements of one offense are a subset of the other. *Id.* at 1100.

In *Montoya*, the California Supreme Court held that § 10851(a), unlawful taking of a vehicle, is not a lesser included offense of § 215 carjacking. *Id.* The court explained that unlawful taking of a vehicle "is committed when a person 'drives or takes a vehicle not his or her own, without the consent of *the owner* . . . and with intent either to permanently or temporarily deprive *the owner* . . . of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle." *Id.* (quoting Cal. Veh. Code § 10851(a)) (omissions in original and emphases added). The court concluded that "a person can commit a carjacking without necessarily committing an unlawful taking of a vehicle" because carjacking requires "the intent to deprive the *driver* of possession," and the driver may or may not be the owner. *Id.* (emphasis in original). The court offered the following hypothetical to illustrate the difference between the two crimes:

> Joe knows that his neighbor Mary's car has
> been stolen and that she is offering a reward

> for its return. If Joe spots an unfamiliar person driving Mary's car and orders that person out at gunpoint and then drives off, intending to return the car to Mary and secure the reward, he would be guilty of carjacking but not of an unlawful taking of a vehicle.

*Id.*

The court's hypothetical makes plain that § 215 carjacking does not require generic theft's specific intent to steal. Indeed, in *People v. Hill* the California Supreme Court expressly concluded that § 215 carjacking can be committed against a passenger who has *no* possessory interest in the vehicle. 3 P.3d 898, 903 (Cal. 2000) ("By extending carjacking to include a taking from a passenger, even one without a possessory interest (assuming the other elements of the crime are present), the Legislature has made carjacking more nearly a crime against the person than a crime against property."); *see also People v. Ossman*, No. A097209, 2003 WL 204715, at *3 (Cal. Ct. App. Jan. 31, 2003) (unpublished) ("[T]he owner of a vehicle may consent to another's possession of the vehicle, and thereafter, the owner, or someone at the owner's behest, may through force or fear take possession of the owner's car and thereby commit a carjacking.").

The California courts' descriptions of § 215's elements leave no doubt that California's carjacking statute criminalizes more conduct than a generic theft offense. Intent to steal means intent to deprive someone who has a superior possessory interest in property of that property. But an individual can be convicted of violating California's carjacking statute even if they take a car from someone who has an inferior possessory interest in the car—or none at all.

Section 215 is therefore overly broad within the meaning of the *Taylor* analysis.

C.

The Supreme Court has been clear that for a statute to be deemed broader than a generic offense, there must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales*, 549 U.S. at 193. Section 215's overbreadth is not merely hypothetical. California courts have applied the statute in a wider swath of circumstances than those in which the generic definition of a theft offense would apply.

For example, in *People v. Sinclair*, the California Court of Appeal affirmed the defendant's § 215 carjacking conviction where the defendant, acting on behalf of a car's jailed titleholder, used force to take possession of the car from an unauthorized driver. No. C088135, 2020 WL 486847, at *1–4 (Cal. Ct. App. Jan. 23, 2020) (unpublished). The conduct in *Sinclair* would not qualify as a generic theft offense because the defendant lacked the specific intent to steal. *Sinclair* is consistent with the *Montoya* court's explanation that a defendant can commit § 215 carjacking against the current driver or passengers in a vehicle, even if their possessory interest is inferior to that of the defendant. *See* 94 P.3d at 1100; *see also People v. Markbreiter*, No. D076914, 2021 WL 1621988, at *3–5 (Cal. Ct. App. Apr. 27, 2021) (unpublished) (affirming § 215 carjacking conviction where defendant used force to stop a repossession agent from towing defendant's own car). These case examples make clear that California courts in fact apply § 215 carjacking to sweep in more conduct than a generic theft offense.

Justice Werdegar's concurring opinion in *Montoya* reinforces our conclusion that § 215 criminalizes more conduct than a generic theft offense. Justice Werdegar joined the *Montoya* majority but wrote separately to address the defendant's unavailing argument that carjacking requires an intent to steal because § 215 requires a "felonious taking," and in *People v. Tufunga*, 987 P.2d 168 (Cal. 1999), the California Supreme Court concluded that the words "felonious taking" incorporated common-law intent to steal into the robbery offense codified at California Penal Code § 211. *Montoya*, 94 P.3d at 1101–02 (Werdegar, J., concurring). The *Montoya* majority did not reach this argument, but Justice Werdegar pointed out that the majority's reasoning necessarily rejected it. *Montoya*, 94 P.3d at 1102 (Werdegar, J., concurring) ("Obviously, if defendant is right, the majority is wrong.").

In Justice Werdegar's view, the majority should have expressly concluded that "the Legislature did not intend simply to incorporate the narrow common law understanding of 'felonious taking'" into § 215. *Id.* at 1103. Justice Werdegar pointed out that the text of § 215 uses the word "possession" three times, and that § 215, which was not enacted until 1993, "responds to a relatively modern, urban problem," while § 211 robbery dates to the mid-nineteenth century. *Id.* at 1102–03. The California Court of Appeal subsequently followed Justice Werdegar's view that the California legislature intended for the phrase "felonious taking" to have different meanings in sections 211 and 215. *See People v. Cabrera*, 152 Cal. App. 4th 695, 701–03 (2007) (holding that § 215 carjacking does not allow for a claim-of-right defense because carjacking is not a crime against ownership).

The jury instructions for sections 211 and 215 further demonstrate the difference in criminal intent required by the two statutes.    The robbery instruction requires the government to show that the defendant used force or fear to take "property that was not (his/her) own" with the intent "to deprive the owner of the property permanently" or for an extended period of time.    Cal. Crim. Jury Instruction No. 1600 (2023).  In contrast, the carjacking instruction requires the government to show that the defendant, whether or not the defendant was the vehicle's owner, used force or fear to take a vehicle from "a person who possessed the vehicle or was its passenger" with the intent to deprive that person of possession permanently or temporarily.  *See* Cal. Crim. Jury Instruction No. 1650 (2023).

In sum, despite § 215's use of the common-law phrase "felonious taking," carjacking in California does not require a showing of intent to steal.  Rather, § 215 requires only that the defendant intend to permanently or temporarily deprive the current driver or passengers of their possession of the vehicle, by force or by fear.  We are bound by the California Supreme Court's statement of the elements of § 215.  *See Johnson*, 559 U.S. at 138.  We therefore hold that § 215 is not a categorical match for a generic theft offense and thus is not an aggravated felony under the INA.[7]

---

[7] We need not consider the "modified categorical approach" to decide whether § 215 carjacking qualifies as a generic theft offense.    The modified categorical approach applies to "divisible statute[s]" that "set[] out one or more elements of the offense in the alternative."  *Descamps v. United States*, 570 U.S. 254, 257 (2013).  For divisible statutes, courts may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction," and then conduct the categorical analysis with respect to the elements with which the defendant was convicted.  *Id.*

## D.

The Government argues that we should disregard the California Supreme Court's statements identifying the elements of § 215 because we have previously held that crimes that use the word "possession" rather than "ownership" can qualify as generic theft offenses. *See, e.g.*, *Martinez-Hernandez*, 932 F.3d at 1202. As explained above, the focus on the words "ownership" and "possession" by both Orozco and the Government obscures the relevant inquiry. The import of the California Supreme Court's decision in *Montoya* is not that carjacking is merely a crime against possession. *Montoya* explains that carjacking can be committed against whomever the current driver or passengers of a vehicle are, regardless of the current driver's or passengers' possessory interests. Accordingly, in order to convict a defendant of § 215 carjacking, the State need not show that the defendant acted with the specific intent to steal.

The Government also argues that our decisions in *Martinez-Hernandez* and *United States v. Velasquez-Bosque*, 601 F.3d 955 (9th Cir. 2010), *superseded by regulation as stated in United States v. Baldon*, 956 F.3d 1115, 1125–26 (9th Cir. 2020), compel the conclusion that § 215 carjacking is a categorical match for a generic theft offense. We disagree.

In *Martinez-Hernandez*, we held that robbery under § 211 of the California Penal Code is an aggravated felony because it is a categorical match for a generic theft offense.

---

Section 215 identifies just one set of elements for the government to satisfy and therefore is not a divisible statute. *See* Cal. Penal Code § 215; Cal. Crim. Jury Instruction No. 1650.

932 F.3d at 1202.  In so holding, we relied on our decision in *Alvarado-Pineda*, 774 F.3d at 1202, where we held that robbery under Washington law is a categorical match for a generic theft offense.  932 F.3d at 1206.  We also relied on the California Supreme Court's repeated holding that "specific intent to steal is an essential element of § 211 robbery."  *Id.* (citing *People v. Anderson*, 252 P.3d 968, 972 (Cal. 2011); *People v. Pollock*, 89 P.3d 353, 367 (Cal. 2004); *People v. Lewis*, 22 P.3d 392, 419 (Cal. 2001)).

The analysis for § 215 carjacking is different because the California Supreme Court made clear in *Montoya* that § 215 carjacking can be committed *without* a specific intent to steal.  *See* 94 P.3d at 1100; *see also id.* at 1102 (Werdegar, J., concurring).  Because the California Supreme Court has concluded that § 211 robbery and § 215 carjacking do not share the same intent element, our conclusion that § 215 is not a categorical match for a generic theft offense is consistent with our decision in *Martinez-Hernandez*.

*Velasquez-Bosque* does not undermine our conclusion.  In *Velasquez-Bosque*, we held that § 215 carjacking constituted a "crime of violence" under a previous version of the United States Sentencing Guidelines because carjacking was a categorical match for a combination of robbery and extortion under the enumerated-offenses clause of the Guideline's "crime of violence" definition.  601 F.3d at 957–59.  We explained in *Velasquez-Bosque* that our holding was "largely controlled by our decision in *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008)," where we held that § 211 robbery was a crime of violence under the Sentencing Guidelines.  *Id.* at 958.  We concluded that *Becerril-Lopez* controlled because § 211 robbery and § 215 carjacking are "substantially similar" in "all material respects."  *Id.* at 959.  We reasoned that both crimes require:

"[1] taking personal property in the possession of another person [2] from his or her immediate presence, [3] against that person's will, and [4] accomplished by means of force or fear." *Id.*

*Velasquez-Bosque* does not discuss the California Supreme Court's decision in *Montoya,* and it does not address the differences between the criminal-intent element in California's robbery statute and the criminal-intent element in California's carjacking statute. Because *Velasquez-Bosque* did not consider whether California's carjacking offense was a categorical match for a generic theft offense, the differences between the criminal intent necessary to prove robbery and the criminal intent necessary to prove carjacking were not directly at issue and thus were not among the material similarities we identified between robbery and carjacking. *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions."); *e.g.*, *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) (declining to follow prior cases in which the issue at hand had not been "squarely addressed"). In addition, "after the 2016 amendments to the Sentencing Guidelines," § 215 carjacking is "no longer a categorical match for generic robbery and extortion" and "*Velasquez-Bosque*'s holding to the contrary is no longer good law." *Baldon*, 956 F.3d at 1126. Accordingly, *Velasquez-Bosque* does not require that § 215 carjacking is a categorical match for a generic theft offense.

## E.

Because § 215 carjacking is not an aggravated felony under the INA, Orozco's 2013 final administrative order of

removal was defective. *See Martinez*, 786 F.3d at 1230. To show that this defect was "fundamentally unfair" under § 1326(d)(3), Orozco must show that the defect prejudiced him. *See Alvarado-Pineda*, 774 F.3d at 1201. Orozco must also establish the first two elements of § 1326(d): that (1) he has exhausted his administrative remedies; and (2) his deportation proceedings unfairly deprived him of an opportunity for judicial review. *See United States v. Palomar-Santiago*, 593 U.S. 321, 329 (2021). The district court denied Orozco's motion to dismiss solely because, in the district court's view, he could not show a defect in his underlying order of removal and thus could not satisfy § 1326(d)(3). The district court did not reach whether Orozco satisfied § 1326(d)(1) or (2), or prejudice under § 1326(d)(3). In *Palomar-Santiago*, the Supreme Court clarified that "each of the statutory requirements of § 1326(d) is mandatory." *Id. Palomar-Santiago* abrogated our prior caselaw that excused a defendant from satisfying the requirements of § 1326(d)(1) and (2) if the conviction that served as the predicate for the underlying final order of removal was not a qualifying aggravated felony. *Id.* at 326 (citing *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017)).

Orozco argues that our decision in *United States v. Valdivia-Flores* nevertheless requires us to conclude that he has established all three elements of § 1326(d). *See* 876 F.3d 1201 (9th Cir. 2017), *overruled on other grounds by Alfred*, 64 F.4th 1025. Alternatively, he asks that we remand for the district court to make further factual findings.

We decided *Valdivia-Flores* prior to the Supreme Court's decision in *Palomar-Santiago*. In *Valdivia-Flores*, we held that the drug trafficking conviction underlying a nonresident alien's final order of removal did not qualify as

an aggravated felony. *Id.* at 1210. We also concluded that the defendant satisfied § 1326(d)(1) and (2). *Id.* at 1205–06. But there, the record and arguments established that the defendant's waiver of judicial review of the final removal order was not considered and intelligent. *See id.* at 1206. In Orozco's case, the district court expressly declined to make any findings of fact as to § 1326(d)(1) and (2), and the Government does not concede that Orozco has satisfied § 1326(d)(1) and (2).

On appeal, we cannot make the factual findings necessary to determine whether Orozco's waiver of judicial review was considered and intelligent. *See United States v. Lujan-Castro*, 602 F.2d 877, 878 (9th Cir. 1979) (per curiam) ("The district court's conclusion that the waiver was knowingly and intelligently executed is a finding of fact that may not be disturbed unless clearly erroneous."). The narrow circumstances that allow us to consider factual issues related to the waiver inquiry in the first instance are not present here. *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 757 (9th Cir. 2015) (recognizing that "[w]e would ordinarily remand to the district court" but declining to do so because the district judge had retired, there was a transcript of the relevant testimony, and it was unlikely a new district judge would be able to conduct another evidentiary hearing). We therefore remand for the district court to consider whether Orozco satisfied all three prongs of § 1326(d).

## IV.

We affirm the district court's order denying Orozco's motion to dismiss his indictment on equal protection grounds, reverse the district court's order denying Orozco's motion to dismiss his 8 U.S.C. § 1326 charge under

§ 1326(d), and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**